Contracts; Wunderlich Act; insufficiency of motion for lack of specificity; default termination; excess reprocurement costs. — Plaintiff seeks review under Wunderlich Act standards of a decision of the Armed Services Board of Contract Appeals (board) sustaining the Government’s default termination of plaintiffs contract to supply engine fans for use in the M-60 tank, and the Government’s right to recover excess reprocurement costs. Defendant counterclaims for its excess costs still owing. Due to its poor financial position, plaintiff was unable to obtain needed supplies and performance under the contract was never begun. As the initial delivery date under each of the Government’s orders came and went, the defendant terminated the order for default. The Government then issued a request for proposals for a negotiated procurement of the fans which plaintiff had failed to deliver under its competitively-bid contract. After the reprocured items were delivered, the contracting officer made a written demand for the excess reprocurement costs which the Government had incurred together with interest *905 thereon. On June 11,1981, Trial Judge John P. Wiese filed a recommended opinion (reported in full at 28 CCF ¶ 81,470) affirming the decision of the board. The trial judge held (1) that plaintiffs motion for summary judgment lacks the requisite specificity in that it seeks to impugn the validity of every issue that the board decided but is bereft of any specific factual or legal basis that would support the challenges raised; (2) that plaintiffs default was not excusable due to (a) an alleged breach of contract by plaintiffs supplier (Alcoa), (b) alleged improper Government communications with Alcoa that impaired plaintiffs ability to enter into a contract with Alcoa, or (c) alleged Government actions under other co-existing contracts having a spill-over effect that impaired the plaintiffs financial ability to perform under the instant contract; (3) that the Government’s decision to reprocure by negotiation rather than formal advertising was reasonable in light of information that a request for proposals would draw a larger, and therefore more competitive, response from the manufacturing community and, at the same time, would shorten the reprocurement time and thereby also serve the Government’s urgent need for the fans; and (4) that the reprocured items were not subject to less restrictive manufacturing standards than the terminated items. On September 29, 1981 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case, denied plaintiffs motion for summary judgment, granted defendant’s motion for judgment, entered judgment for defendant on its counterclaim for $22,453.98, plus interest thereon, at the rate prescribed by law, from August 22, 1978, until date of payment, and dismissed the petition.